# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS NEWELL, an individual, for himself and those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ENSIGN UNITED STATES DRILLING (CALIFORNIA) INC., a California corporation,<br><br>    Defendant. | Case No.: 1:19-cv-01314-LJO-JLT<br><br>SCHEDULING ORDER (Fed. R. Civ. P. 16)<br><br>Pleading Amendment Deadline: 3/16/20<br><br>Discovery Deadlines:<br>    Initial Disclosures: 12/31/19<br>    Non-Expert (Class Issues): 12/14/20<br>    Mid-Discovery Status Conference:<br>    5/8/20 at 8:30 a.m.<br><br>Class Certification Motion Deadlines:<br>    Filing: 9/15/20<br>    Opposition: 10/20/20<br>    Reply brief: 11/17/20<br>    Hearing: 12/15/20 at 8:30 a.m.<br>        Courtroom 4 |

**I.**     **Date of Scheduling Conference**

December 16, 2019.

**II.**     **Appearances of Counsel**

Brian D. Hefelfinger appeared on behalf of Plaintiff.

Vanessa Franco Chavez appeared on behalf of Defendant.

**III.**     **Magistrate Judge Consent: Notice of Congested Docket and Court Policy of Trailing**

Due to the District Judges' heavy caseload, the adopted policy of the Fresno Division of the

1

Eastern District is to trail all civil cases. The parties are hereby notified that for a trial date set before a District Judge, the parties will trail indefinitely behind any higher priority criminal or older civil case set on the same date until a courtroom becomes available. The trial date will not be reset.

The Magistrate Judges' availability is far more realistic and accommodating to parties than that of the U.S. District Judges who carry the heaviest caseloads in the nation and who must prioritize criminal and older civil cases over more recently filed civil cases. A United States Magistrate Judge may conduct trials, including entry of final judgment, pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305. Any appeal from a judgment entered by a United States Magistrate Judge is taken directly to the United States Court of Appeal for the Ninth Circuit.

The Fresno Division of the Eastern District of California, whenever possible, is utilizing United States Article III District Court Judges from throughout the nation as Visiting Judges. Pursuant to the Local Rules, Appendix A, such reassignments will be random, and the parties will receive no advance notice before their case is reassigned to an Article III District Court Judge from outside of the Eastern District of California.

Therefore, the parties are directed to consider consenting to Magistrate Judge jurisdiction to conduct all further proceedings, including trial. **Within 10 days** of the date of this order, counsel **SHALL** file a consent/decline form (provided by the Court at the inception of this case) indicating whether they will consent to the jurisdiction of the Magistrate Judge.

### IV.    Pleading Amendment Deadline

Any requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend, no later than **March 16, 2020**.[1]

### V.    Discovery Plan and Cut-Off Date

The parties are ordered to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before **December 31, 2019**.

Discovery is now open for all non-expert discovery pertaining to the class certification motion

---

[1] Related to the argument that the plaintiff has a statute of limitations problem as to the PAGA claim, the Court reminded the plaintiff that if he fails to seek amendment before the deadline set here and later chooses to do so, he must demonstrate he meets the Rule 16 factors before the Court will consider any Rule 15 issues.

2

and to the merits, to the extent it overlaps with the class issues. All non-expert discovery related to the motion for class certification **SHALL** be completed no later than **December 14, 2020**. Both sides may conduct discovery as to the evidence relied upon in support of the motion and in opposition to the motion for class certification.

The Court sets a mid-discovery status conference on **May 8, 2020**, at 8:30 a.m. at 510 19th Street, Bakersfield, California. Counsel **SHALL** file a Joint Mid-Discovery Status Conference Report one week prior to the conference, and shall also lodge it via e-mail, in Word format, to JLTorders@caed.uscourts.gov. The joint statement **SHALL** outline the status of the matter, including all discovery that has been completed as well as any impediments to completing the discovery within the deadlines set forth in this order. Counsel may appear via teleconference by dialing (888) 557-8511 and entering Access Code 1652736, provided the Magistrate Judge's Courtroom Deputy Clerk receives a written notice of the intent to appear telephonically no later than five court days before the noticed hearing date.

### VI. Pre-Trial Motion Schedule

Discovery motions are heard before the Honorable Jennifer L. Thurston, United States Magistrate Judge at the United States Courthouse in Bakersfield, California. For these hearings, counsel may appear via teleconference by dialing (888) 557-8511 and entering Access Code 1652736, provided the Magistrate Judge's Courtroom Deputy Clerk receives a written notice of the intent to appear telephonically no later than five court days before the noticed hearing date. All other non-dispositive hearings SHALL be set before Judge O'Neill.

**No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least one week before the first deadline the parties wish to extend.** Likewise, no written discovery motions shall be filed without the prior approval of the assigned Magistrate Judge. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party promptly shall seek a telephonic hearing with all involved parties and the Magistrate Judge. It shall be the obligation of the moving party to arrange and originate the conference call to the court. To schedule this telephonic hearing, the parties are ordered to contact the Courtroom Deputy Clerk, Susan

Hall, at (661) 326-6620 or via email at SHall@caed.uscourts.gov.  **Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from the Court's calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 144(e).  However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 251.

All dispositive pre-trial motions shall be heard by the Honorable Lawrence J. O'Neill, United States District Court Judge.  In scheduling such motions, **counsel shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260**.

### VII. Motions for Summary Judgment or Summary Adjudication

**At least 21 days before** filing a motion for summary judgment or motion for summary adjudication, the parties are **ORDERED** to meet, in person or by telephone, to confer about the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a motion; and 6) to develop a joint statement of undisputed facts.

The moving party **SHALL** initiate the meeting and **SHALL** provide a complete, proposed statement of undisputed facts **at least five days before** the conference.  The finalized joint statement of undisputed facts **SHALL** include all facts that the parties agree, for purposes of the motion, may be deemed true.  In addition to the requirements of Local Rule 260, the moving party shall file the joint statement of undisputed facts.

In the notice of motion the moving party **SHALL** certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to meet and confer. **Failure to comply may result in the motion being stricken.**

### VIII. Motion for class certification

The motion for class certification **SHALL** be filed no later than **September 15, 2020**.

Opposition to the motion **SHALL** be filed no later than **October 20, 2020**. During the interval between the filing of the motion and the deadline for the opposition, the Defendant may conduct discovery as to the evidence relied upon by Plaintiff for the motion for class certification.

Neither the motion nor the opposition **SHALL** exceed 30 pages, exclusive of evidence and evidentiary objections, unless leave is granted by the Court prior to the filing. Any reply **SHALL** be filed no later than **November 17, 2020**, and shall not exceed 15 pages, exclusive of evidentiary objections. During the interval between the filing of the opposition and the deadline for the reply, the Plaintiff may conduct discovery as to the evidence relied upon by Defendant for the opposition to the motion for class certification.

Any objections to the evidence **SHALL** be filed at the same time as the opposition (for Defendant) and the reply (for Plaintiff).[2] A hard-copy, courtesy copy of all filings related to the class motion **SHALL** be sent via overnight mail to the Chambers of Judge O'Neill at the same time the filing is submitted. All of the pages of evidence in the hard copy **SHALL** be numbered, tabbed and indexed.

The hearing on the motion for class certification is set for **December 15, 2020**, at 8:30 a.m. before judge Thurston.

**IX.** <u>**Settlement Conference**</u>

If the parties believe the matter is in a settlement posture, the parties may submit a joint written request for a settlement conference, at which time a conference will be set with the Court.

**X.** <u>**Compliance with Federal Procedure**</u>

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

///

---

[2] No motions to strike evidence will be entertained. If the Court sustains an objection to a piece of evidence, the evidence will not be considered.

///

## XI. Effect of this Order

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **December 16, 2019**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE