Daniel J. Palay, SBN 159348
Brian D. Hefelfinger, SBN 253054
**PALAY HEFELFINGER, APC**
1746 S. Victoria Ave., Suite 230
Ventura, CA 93003
Telephone: (805) 628-8220
Facsimile: (805) 765-8600
E-mail: *bdh@calemploymentcounsel.com*

*Attorneys for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| LOUIS NEWELL, an individual, for himself and those similarly situated; MIGUEL CALDERON, an individual, for himself and those similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>ENSIGN UNITED STATES DRILLING (CALIFORNIA) INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.: 1:19-CV-01314-LJO-JLT<br><br>CLASS ACTION<br><br>*[Removed from Kern County Sup. Court Case No. BCV-15-100367]*<br><br>***THIRD AMENDED* COMPLAINT FOR:**<br><br>1) **MINIMUM WAGE VIOLATIONS;**<br>2) **UNFAIR COMPETITION;**<br>3) **FAILURE TO TIMELY PAY FINAL WAGES;**<br>4) **FAILURE TO PROVIDE LAWFUL MEAL PERIODS;**<br>5) **FAILURE TO PROVIDE LAWFUL REST PERIODS;**<br>6) **FAILURE TO PAY OVERTIME AND DOUBLETIME PREMIUM WAGES;**<br>7) **PAY STUB VIOLATIONS;**<br>8) **VIOLATION OF THE FAIR LABOR STANDARDS ACT (29 U.S.C. § 201 et seq.); and**<br>9) **VIOLATION OF LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 ("PAGA")**<br><br>*Action filed:    June 22, 2015* |

**TO ALL INTERESTED PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:**

COMES NOW, Plaintiffs LOUIS NEWELL and MIGUEL CALDERON (the "Plaintiffs") and the putative class, and they hereby submit the following Third Amended Complaint against ENSIGN UNITED STATES DRILLING (CALIFORNIA) INC. and DOES 1 through 100, inclusive (collectively "Defendants"), and each of them as follows:

<u>**GENERAL ALLEGATIONS**</u>

1.    At all times herein mentioned, Plaintiff Louis Newell was an employee of Defendants, working off of the coast of the State of California, within the four (4) years preceding the initiation of this action.  Plaintiff Miguel Calderon was an employee of Defendants, working off of the coast of the State of California, within the last four (4) years.

2.    At all times herein mentioned and relevant, Plaintiffs were and are individuals residing in the State of California.

3.    At all times herein mentioned, Plaintiffs are informed and believe and, based on such information and belief, thereon allege that ENSIGN UNITED STATES DRILLING (CALIFORNIA) INC., is a California corporation that does business and maintains an office in the County of Kern, California located at 7001 Charity Ave, Bakersfield, CA 93308.

4.    The true names and capacities, whether individual, corporate, associate, representative or otherwise, of the defendants identified herein as Does 1 through 100, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by said fictitious names.  Plaintiffs will amend this Complaint to allege the true names and capacities of Does 1 through 100 when they have been ascertained.  Does 1 through 100 are in some manner legally responsible for the wrongs and injuries alleged herein.

5.    Each of the Defendants acted as the agent or employee of the others and each acted within the scope of that agency or employment.

<u>**VENUE AND JURISDICTION**</u>

6.    This Court has personal and subject matter jurisdiction over all causes of action asserted herein.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiffs assert causes of action arising under federal law; Defendant removed the within action on or about

September 20, 2019. This Court further has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), (b)(2), and (c), because Defendants transacted significant business within this district and therefore are subject to personal jurisdiction in this district and because a substantial part of the events giving rise to the claims alleged occurred in this district. Further, venue is proper in this District as the within action was removed from the Kern County Superior Court.

7.      The unlawful employment practices complained of herein occurred in the offshore waters of California in the Santa Barbara Channel.  Further, it is alleged that the unlawful employment practices complained of herein were authorized, approved or otherwise ratified by Defendants within Kern County, California.

## CLASS ACTION ALLEGATIONS

8.      Plaintiffs bring the causes of action stated herein on their own behalf and on behalf of all persons similarly situated.  The class consists of all hourly employees of Ensign United States Drilling (California) Inc., who, at any time within four years from the date of filing of this lawsuit, worked on oil platforms off of the California coast and who stayed on such platforms for periods of 24 hours or more (hereinafter the "Putative Class").  The class may also include "subclasses," including but not limited to those workers who worked in federal waters, State waters, or both, during the relevant period.  Preliminarily, Plaintiffs assert two applicable subclasses herein:

(a).  *The Federal Waters Subclass.*

All hourly employees of Ensign United States Drilling (California) Inc., who, at any time within four years from the date of filing of this lawsuit, performed work on oil platforms off of the California coast located in federal waters and who stayed on such platforms for periods of 24 hours or more.

(b).  *The State Waters Subclass.*

All hourly employees of Ensign United States Drilling (California) Inc., who, at any time within four years from the date of filing of this lawsuit, performed work on oil platforms off of the California coast located in state waters and who stayed on such platforms for periods of 24 hours or more.

**THIRD AMENDED COMPLAINT**

1   The Putative Class represents over 25 persons and is so numerous that the joinder of each
2   member of the putative class is impracticable.  Putative Class members may belong to one, or the
3   other, or both, of the subclasses alleged herein.

4   9.      There is a well-defined community of interest in the questions of law and fact affecting
5   the class the Plaintiffs represent.  The Putative Class members' claims against Defendants involve
6   questions of common or general interest, in that each was employed by Defendants, and each was not
7   paid wages owed based on the same failure to compensate for all hours during which they were subject
8   to the control of Defendants, including hours in excess of their scheduled shifts and during meal
9   periods.  These questions are such that proof of a state of facts common to the members of the Putative
10  Class will entitle each member to the relief requested in this complaint.

11  10.     The members of the Putative Class that Plaintiffs represent have no plain, speedy or
12  adequate remedy at law against Defendants, other than by maintenance of this class action, because
13  Plaintiffs are informed and believes, and on such information and belief alleges, that the damage to
14  each member of the Putative Class may be relatively small and that it would be economically
15  infeasible to seek recovery against Defendants other than by a class action.

16  11.     Plaintiffs will fairly and adequately represent the interest of the Putative Class, because
17  Plaintiffs are members of the Putative Class, and Plaintiffs' claims are typical of those in the Putative
18  Class.

19  12.     Plaintiff NEWELL was employed by Defendants during the four years preceding the
20  filing of the Complaint, up to approximately November of 2014.  NEWELL was paid hourly.

21  13.     Plaintiff CALDERON was employed by Defendants during the four years preceding
22  the filing of the Complaint, up to approximately January of 2020.  CALDERON was paid hourly.

23  14.     During the employment with Defendants, Plaintiffs sometimes worked on an oil
24  platform (or platforms) off of the California coastal waters, performing non-exempt work.

25  15.     During the employment with Defendants, Plaintiffs' offshore shifts typically lasted 7
26  days and included at times live-aboard lodging, and meals.  They typically received pay for only 12
27  hours each day while on the platforms, but did not receive any compensation for the other 12 hours on
28  platform each day.  They could not reasonably leave the platform during their (usually) 7-day shifts.

**THIRD AMENDED COMPLAINT**

16.     Plaintiffs worked on an offshore oil platform (or platforms) as part of a drilling crew. On information and belief, a drilling crew is ordinarily comprised of at least seven (7) individuals; on further information and belief, Defendants have within the past four years maintained several drilling crews that performed non-exempt work as employees in the California coastal waters.

## FIRST CAUSE OF ACTION

### *Minimum Wage Violations*

**(Action Brought By Plaintiffs On Behalf Of Themselves**

**And The State Waters Subclass Against All Defendants)**

17.     Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

18.     Plaintiffs and the Putative Class regularly worked hours for which they were not paid the minimum wage.  Defendants' minimum wage violations include, but are not limited to, the failure to pay any wages whatsoever to Plaintiffs and the Putative Class for all hours worked in excess of 12 hours each workday.

19.     Plaintiffs seek such minimum wages owed to them and the Putative Class for the statutory period measured backward from the date of the filing of the initial Complaint in this matter.

20.     The exact amount of minimum wages owed will not be fully ascertained until discovery is completed.  For example, time during which a worker cannot leave his or her worksite, even sleeping time, may be considered "hours worked" under the law.  Until Defendants produce the necessary documents for an accounting, Plaintiffs are unable to determine the exact amount of minimum wages owed.

21.     Labor Code section 218.6 states, "[I]n any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in [section 3289(b)] of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2."  Plaintiffs seek such interest on all minimum wages owed to them for the statutory period measured backward from the date of the filing of the initial Complaint in this matter.

/ / /

**THIRD AMENDED COMPLAINT**

22.    Plaintiffs seek liquidated damages in an amount equal to the minimum wages due to them and the Putative Class under Labor Code section 1194.2.

23.    Pursuant to Labor Code section 1194, Plaintiffs request the Court to award Plaintiffs' reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiffs and the Putative Class demand judgment against Defendants, and each of them, as follows:

1.    For minimum wages owed according to proof;

2.    For prejudgment interest pursuant to Labor Code section 218.6 and Civil Code sections 3288 and 3291 on all amounts claimed;

3.    For liquidated damages in an amount equal to the unpaid minimum wages owed under Labor Code section 1194.2;

4.    For attorney's fees and costs pursuant to Labor Code section 1194;

5.    For costs of suit; and

6.    For any other and further relief that the Court considers just and proper.

## SECOND CAUSE OF ACTION

### *Unfair Competition*

### (Action Brought By Plaintiffs On Behalf Of Themselves

### And The State Waters Subclass Against All Defendants)

24.    Plaintiffs incorporate by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as though fully set forth herein.

25.    This cause of action is being brought pursuant to California Business and Professions Code section 17200 et seq. and California case law including *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. App. 4th 163 (2000).

26.    It is alleged that Defendants have willfully failed to pay Plaintiffs and the Putative Class, the state-mandated minimum, overtime, doubletime, and meal period premium wages for all hours worked.  The failure to pay such wages constitutes an unfair business practice under California Business and Professions Code section 17200.

/ / /

**THIRD AMENDED COMPLAINT**

27.    As a result of the conduct of Defendants, Defendants profited from breaking the law. Plaintiffs and the Putative Class seek disgorgement of this unlawfully obtained benefit (plus interest thereon) for the four-year period measured backward from the date of filing of the initial Complaint in this matter.

28.    California Business and Professions Code section 17203, under the authority of which a restitutionary order may be made, provides:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use of employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.  Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 282 of the Code of Civil Procedure, but these limitations do not apply to claims brought under his chapter by the Attorney General, or any district attorney, county counsel, city attorney, or city prosecutor in this state.

29.    As a result of the alleged aforesaid actions, Plaintiffs and the Putative Class have suffered injury in fact and have lost money as a result of such unfair competition.

30.    In this case, it is requested that this Court order such restitution.

WHEREFORE, Plaintiffs and the Putative Class demand judgment against Defendants, and each of them, as follows:

1.    For an equitable order, ordering Defendants to pay all Putative Class members all wages, interest, and penalties they are owed;

2.    For an appointment of a receiver to perform an accounting of all monies owed to these employees;

3.    For any and all injunctive relief this Court deems necessary pursuant to Business and Professions Code section 17203;

4.    For attorneys' fees and costs, pursuant to law;

/ / /

**THIRD AMENDED COMPLAINT**

1    5.    For prejudgment interest on all amounts owed pursuant to Civil Code sections 3288 and

2    3291; and

3    6.    For any other and further relief that the Court considers proper.

4    <u>**THIRD CAUSE OF ACTION**</u>

5    ***Failure To Timely Pay Wages At Termination***

6    **(Action Brought By Plaintiffs On Behalf Of Themselves**

7    **And The State Waters Subclass Against All Defendants)**

8    31.    Plaintiffs incorporate by reference and re-alleges each and every one of the allegations

9    contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

10    32.    Labor Code section 201 provides, "If an employer discharges an employee, the wages

11    earned and unpaid at the time of discharge are due and payable immediately."  Labor Code section 202

12    provides generally that wages earned and unpaid at the time of an employee's resignation must be paid

13    within 72 hours thereof, unless the employee gives notices of greater than 72 hours of his intent to

14    resign, in which case the employee's final wages must be paid on the employee's last day of work.

15    Lab. Code § 202.  Defendants did not pay immediately all wages earned and unpaid to Plaintiffs and

16    the Putative Class upon discharge or resignation.  Defendants have refused and continue to refuse to

17    pay said wages.

18    33.    Pursuant to Labor Code section 203, Defendants have willfully failed to pay without

19    abatement or reduction, in accordance with Labor Code sections 201 and 202 all of the minimum,

20    overtime, meal period, and doubletime wages of the Plaintiffs and the Putative Class, as herein

21    alleged.  Defendants are aware that they owe the wages claimed by Plaintiffs and the Putative Class,

22    yet Defendants willfully failed to make payment.  As a result, Plaintiffs seek wages and waiting-time

23    penalties pursuant to Labor Code section 203 on behalf of himself and the Putative Class.  These

24    penalties consist of up to 30 days of pay for Plaintiffs and the Putative Class at their regular rates of

25    pay.

26    34.    Plaintiffs and the Putative Class have been available and ready to receive wages owed

27    to them.

28    ///

**THIRD AMENDED COMPLAINT**

35.    Plaintiffs and the Putative Class have never refused to receive any payment, nor have they been absent from their regular places of residence.

36.    Defendants' failure to pay wages due and owing Plaintiffs and the Putative Class, as indicated in prior paragraphs, was willful; Defendants have knowingly refused to pay any portion of the amount due and owning Plaintiffs and the Putative Class.

WHEREFORE, Plaintiffs and the Putative Class demand judgment against Defendants, and each of them, as follows:

1.    For waiting-time penalties under Labor Code section 203;

2.    For costs of suit; and

3.    For any other and further relief that the Court considers just and proper.

### FOURTH CAUSE OF ACTION

*Failure To Provide Lawful Meal Periods*

**(Action Brought By Plaintiffs On Behalf Of Themselves**

**And The Putative Class Against All Defendants)**

37.    Plaintiffs incorporate by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

38.    California law provides that no employer shall employ any person for a work period of more than five hours without a meal period of not less than 30 minutes. *Lab. Code* §§ 226.7, 512, 8 *Cal. Code Regs*. § 11160, subd. 10. Federal law does not "address" the issue of meal periods.

39.    California law also holds that if the employer requires the employee to remain at the work site or facility during the meal period, the meal period must be paid. This is true even where the employee is relieved of all work duties during the meal period. *See Bono Enterprises, Inc. v. Bradshaw*, 32 Cal. App. 4th 968 (1995).

40.    If an employer fails to provide an employee a legally mandated meal period, the employer shall pay the employee one hour of pay at the employee's regular rate of pay for each five hours of work that the meal period is not provided. Lab. Code § 226.7.

/ / /

/ / /

**THIRD AMENDED COMPLAINT**

41.     Defendants have intentionally and improperly denied meal periods to Plaintiffs and the Putative Class in violation of Labor Code sections 226.7 and 512 and 8 Cal. Code Regs. § 11160, subd. 10.

42.     At all times relevant hereto, Plaintiffs and the other members of the Putative Class have worked more than five hours in a workday (and often more than ten, fifteen hours, and twenty hours). At all relevant times hereto, Defendants have failed to provide meal periods for every five-hour work period as required by California law.

43.     Plaintiffs and the other members of the Putative Class are informed and believe, and based upon that information and belief allege, that Defendants know or should have known that Plaintiffs and the Putative Class were entitled to meal periods but purposely elected not to provide these mandated periods.

44.     Not only could Plaintiffs and the Putative Class not leave the work premises for meal breaks; in addition, Defendants did not relieve the employees of all duties or relinquish their control, and as a result Plaintiffs and the Putative Class did not have a reasonable opportunity to take their meal periods even within the confines of the worksite.

45.     Plaintiffs seek meal period premium wages owed to him and the Putative Class for the statutory period measured backward from the date of the filing of the initial Complaint in this matter.

46.     The exact amount of meal period premium wages owed will not be fully ascertained until discovery is completed.  Until Defendants produce the necessary documents for an accounting, Plaintiffs are unable to determine the exact amount of meal period premium wages owed.

47.     Labor Code section 218.6 states, "[I]n any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2."  Plaintiffs seek such interest on all meal period premium wages owed to them for the statutory period measured backward from the date of the filing of the initial Complaint in this matter.

WHEREFORE, Plaintiffs and the Putative Class demand judgment against Defendants, and each of them, as follows:

**THIRD AMENDED COMPLAINT**

1.   For meal period premiums in an amount according to proof;

2.   For costs of suit; and

3.   For any other and further relief that the Court considers just and proper.

## FIFTH CAUSE OF ACTION

### *Failure To Provide Lawful Rest Periods*

**(Action Brought By Plaintiffs On Behalf Of Themselves**

**And The Putative Class Against All Defendants)**

48.   Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

49.   Employees are entitled to "a paid 10-minute rest period per four hours of work." *Bluford*, 216 Cal. App. 4th at 871 (emphasis added); 8 Cal. Code Regs. § 11070, subd. 12(A). Federal law does not "address" the issue of rest periods.

50.   "If an employer fails to provide an employee a … rest … period in accordance with a state law…, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the … rest … period is not provided." Lab. Code § 226.7(c).

51.   Plaintiffs and the Putative Class were required to, and actually did, remain tethered to communication devices, as well as the work premises, during their rest breaks. Moreover, Plaintiffs and the Putative Class were not totally relieved of all duty during the time they were stationed on platforms. As a matter of law, this does not constitute a lawful break. *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 273 [211 Cal.Rptr.3d 634, 647, 385 P.3d 823, 834], as modified on denial of reh'g (Mar. 15, 2017).

52.   Plaintiffs and the Putative Class therefore seek one additional hour of pay at each employee's regular rate of compensation for each workday that such paid rest period was not so provided, pursuant to § 226.7.

53.   Plaintiffs and the Putative Class seeks interest pursuant to law on all amounts owed for rest period premiums under § 226.7.

/ / /

**THIRD AMENDED COMPLAINT**

WHEREFORE, Plaintiffs and the Putative Class demand judgment against Defendants, and each of them, as follows:

     1.    For rest period premiums in an amount according to proof;

     2.    For costs of suit; and

     3.    For any other and further relief that the Court considers just and proper.

## SIXTH CAUSE OF ACTION

### *Failure To Pay Overtime And Doubletime Premium Wages*

### **(Action Brought By Plaintiffs On Behalf Of Themselves**

### **And The State Waters Subclass Against All Defendants)**

54.    Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

55.    California law requires payment of overtime premium pay for all hours worked by non-exempt employees in excess of eight in one day or 40 hours in one week and for the first eight hours on the seventh-straight day of work in one workweek.  Lab. Code § 510; 8 Cal. Code Regs. § 11160, subd. 3(A).  It further requires payment of doubletime premium pay for all hours worked by non-exempt employees in excess of twelve hours in one day or in excess of eight hours on the seventh-straight day of work in a single workweek.  Lab. Code § 510; 8 Cal. Code Regs. § 11160, subd. 3(A).

56.    Plaintiffs and the Putative Class regularly worked hours for which they were not paid the overtime or doubletime premium wages.  Defendants' overtime and doubletime wage violations include, but are not limited to, the failure to pay any wages whatsoever to Plaintiffs and the Putative Class for 12 hours each workday, which time lawfully was considered overtime and/or doubletime hours worked, or for doubletime hours worked on the final working day of each seven- or fourteen-day "hitch."

57.    Plaintiffs and the Putative Class seek such overtime and doubletime premium wages owed to them for the statutory period measured backward from the date of the filing of the initial Complaint in this matter.

58.    The exact amount of overtime and doubletime premium wages owed will not be fully ascertained until discovery is completed.  Until Defendants produce the necessary documents for an

accounting, Plaintiffs are unable to determine the exact amount of overtime and doubletime premium wages owed.

59.     Labor Code section 218.6 states, "[I]n any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2."  Plaintiffs seek such interest on all overtime and doubletime premium wages owed to them for the statutory period measured backward from the date of the filing of the initial Complaint in this matter.

60.     Pursuant to Labor Code section 1194, Plaintiffs request the Court to award Plaintiffs' reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiffs and the Putative Class demand judgment against Defendants, and each of them, as follows:

1.     For overtime and doubletime premium wages owed according to proof;

2.     For prejudgment interest pursuant to Labor Code section 218.6 and Civil Code sections 3288 and 3291 on all amounts claimed;

3.     For attorney's fees and costs pursuant to Labor Code section 1194;

4.     For costs of suit; and

5.     For any other and further relief that the Court considers just and proper.

## SEVENTH CAUSE OF ACTION

### *Pay Stub Violations*

### (Action Brought By Plaintiffs On Behalf Of Themselves

### And The Putative Class Against All Defendants)

61.     Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

62.     California Labor Code section 226 provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal

13

check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

63.    In this case, Defendants have failed to provide such wage deduction statements to Plaintiffs and the Putative Class in that their wage deduction statements do not include, without limitation, their gross wages earned, all hours worked, net wages earned, or all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee.    Plaintiffs began and ended each work "hitch" within California, were paid in California, and paid taxes in California.

64.    Pursuant to Labor Code section 226(e), damages are appropriate.    At this time, Plaintiffs believe and allege that they and the Putative Class are owed the maximum allowable penalty under section 226(e) because Defendants failed to provide adequate paycheck stubs.

65.    However, the exact amount of damages under Labor Code section 226(e) will not be fully ascertained until discovery is completed.    Until Defendants produce the necessary documents for an accounting, Plaintiffs are unable to determine the exact amount of damages under Labor Code section 226(e).

66.    Pursuant to Labor Code section 226(e), Plaintiffs request the Court to award Plaintiffs' reasonable attorney's fees and costs incurred by Plaintiffs in this action.

WHEREFORE, Plaintiffs and the Putative Class demand judgment against Defendants, and each of them, as follows:

1.    For statutory penalties, pursuant to law;

2.    For reasonable attorneys' fees pursuant Labor Code section 226;

3.    For costs of suit; and

4.    For any other and further relief that the Court considers just and proper.

**THIRD AMENDED COMPLAINT**

**EIGHTH CAUSE OF ACTION**

*Violation of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.)*

**(Action Brought By Plaintiffs On Behalf Of Themselves**

**And The Federal Waters Subclass Against All Defendants)**

67.    Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

68.    The Fair Labor Standards Act (FLSA) requires "employers to compensate employees for hours in excess of 40 per week at a rate of 1 ½ times the employees' regular wages." (29 U.S.C. § 207(a)).   To calculate the "regular rate" of pay, all remuneration received by an employee in a workweek in which overtime is not worked is included in the calculation. (29 U.S.C. § 207(e).   An artificial "regular rate" of pay may not be used for the purposes of calculating overtime.  (29 C.F.R. § 778.500).  *See also Walling v. Youngerman-Reynolds Hardwood Co*., 325 U.S. 419, 424 (1945) ["regular rate refers to the hourly rate actually paid the employee for the normal, non-overtime workweek"].

69.    Pursuant to the foregoing authority, it is alleged the Plaintiffs have been, and are still, owed wages from Defendants pursuant to the FLSA, in addition to under State law.  The FLSA contains a savings clause, 29 U.S.C. § 218(a), that permits the co-existence of state and other federal laws that provide California employees with the greater of either remedial scheme.

70.    Section 7(a)(1) of the FLSA, 29 U.S.C. 207(a)(1), requires employers to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked in the workweek in excess of forty (40) in a workweek.  Defendants violated the FLSA by refusing to pay Plaintiffs overtime as required by law.

71.    More specifically, it is alleged that 29 U.S.C. § 207(e), in a near all-encompassing fashion, instructs that the "regular rate" shall include "all remuneration for employment paid to, or on behalf of, the employee. . . ." 29 U.S.C § 207(e).  Several federal regulations touch directly on the interpretation of Section 207; for example, 29 CFR § 778.116 titled "Payments other than cash" provides, in part:  "Where payments are made to employees in the form of goods or facilities which are regarded as part of wages, the reasonable cost to the employer or the fair value of such goods or of

**THIRD AMENDED COMPLAINT**

furnishing such facilities must be included in the regular rate . . . [w]here, for example, an employer furnishes lodging to his employees in addition to cash wages the reasonable cost or the fair value of the lodging (per week) must be added to the cash wages before the regular rate is determined."

72.     Herein, it is alleged that Defendants provided to Plaintiffs, and those similarly-situated, valuable consideration, including but not limited to in the form of lodging and meals, which must be regarded under the law as wages. However, it is alleged that Defendants did not include such remuneration in the regular rate paid to its employees and, as such, Defendants did not pay Plaintiffs and those similarly-situated at the proper overtime rates for work in excess of forty (40) hours per workweek in violation of 29 U.S.C. §§ 201 et seq.

73.     Defendants' violations of the FLSA as alleged herein have been done in a willful and bad faith manner such that Plaintiffs are entitled to damages equal to the amount of overtime premium pay within the statutory period, plus periods of equitable tolling. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by Defendants from Plaintiffs for which Defendants are liable under 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and costs.

74.     In addition, it is well established that FLSA rights are statutory and cannot be waived. *See Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 740, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981); *Reich v. Stewart*, 121 F.3d 400, 407(8th Cir. 1997). There are only two statutory exceptions to this general rule. First, an employee may accept payment of unpaid wages under the supervision of the Secretary of Labor and if the back wages are paid in full. *See* 29 U.S.C. § 216(c). Second, if an employee brings suit directly against a private employer pursuant to § 216(b) of the statute, and the district court enters a stipulated judgment, it will have *res judicata* effect on any subsequent claim for damages. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Jarrard v. Se. Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). Neither exception applies to the present case.

/ / /

/ / /

/ / /

**THIRD AMENDED COMPLAINT**

## COLLECTIVE ACTION ALLEGATIONS

75.   Plaintiffs bring this action on behalf of themselves and other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are as follows:

  a.  **FLSA Collective**:  All current and former all hourly employees of Ensign United States Drilling (California) Inc., who, at any time within four years from the date of filing of this lawsuit, worked on oil platforms off of the California coast and who stayed on such platforms for periods of 24 hours or more.

76.   Upon information and belief, Defendants knew that Plaintiffs and the FLSA Collective performed work that required overtime pay, and were provided remuneration and valuable consideration not included in the "regular rate" calculation. Defendants thus operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all hours worked.

77.   Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective, and as such, notice should be sent to the Collective.  There are numerous similarly situated current and former workers who have been denied proper overtime pay by Defendants in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated workers are known to Defendants and should be readily identifiable through Defendants' records.

78.   On information and belief, the FLSA Collective represents over 200 individuals.

WHEREFORE, Plaintiffs and the Putative Class demand judgment against Defendants, and each of them, as follows:

1.   For overtime wages owed, according to proof;

2.   For prejudgment interest on all amounts claimed;

3.   For liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper;

4.   For recovery of attorneys' fees and costs, including an expert fees, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**NINTH CAUSE OF ACTION**

***Civil Penalties Under The Labor Code Private Attorneys General Act ("PAGA")***

**(Action Brought By Plaintiffs On Behalf Of Themselves**

**And The Putative Class Against All Defendants)**

79.     Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

80.     It is alleged that Defendants intentionally denied Plaintiffs and their similarly situated co-workers wages that should have been paid and have violated Labor Code provisions.

81.     Pursuant to Labor Code sections 2698 *et seq*., Plaintiffs are entitled to recover civil penalties on behalf of himself and other persons who are or were employed by the alleged violator and against whom one or more of the alleged violations was committed.  Plaintiffs are therefore pursuing civil penalties for violations of the Labor Code sections set forth herein.

82.     One or more of the alleged violations set forth herein was committed against Plaintiffs, and Plaintiffs are therefore each an "aggrieved employee" under Labor Code Section 2699(c), which provides in relevant part, "(c) For purposes of this part, "aggrieved employee" means any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed."

83.     Labor Code section 200 defines "wages" as including all amounts for labor performed by employers of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

84.     Labor Code section 201 requires immediate payment of all wages owed at the termination of employment.  It is alleged that within the last year, Defendants' employees in California have been terminated and have not received all wages owed at their termination.  There is no civil penalty associated with violation of section 201, but Plaintiffs seek civil penalties on behalf of himself and all others similarly situated under Labor Code section 2699, subd. (f).

85.     Labor Code section 202 requires payment of all wages owed within 72 hours of the resignation of an employee, unless the employee gives more than 72-hours notice, in which case wages are owed at the employee's resignation.  It is alleged that within the last year, Defendants'

**THIRD AMENDED COMPLAINT**

employees in California have resigned and have not received all overtime premium pay owed in a timely fashion after their resignation. There is no civil penalty associated with violation of section 202, but Plaintiffs seek civil penalties on behalf of himself and all others similarly situated under Labor Code section 2699, subd. (f).

86.    Labor Code section 204 makes wages due no less frequently than twice a month for non-exempt employees for work performed each pay period. Defendants have violated section 204 with respect to Plaintiffs and their similarly-situated coworkers by not paying them all wages due for work performed each pay period. Plaintiffs seek civil penalties on behalf of himself and all other similarly situated under Labor Code section 210.

87.    Labor Code section 219 provides that an employer may not circumvent by way of private agreement the requirements of the wage-and-hour laws of the Labor Code. To the extent that Defendants will argue that these employees agreed to forfeit their travel time and/or other wages, Defendants will have violated Labor Code section 219. There is no civil penalty associated with violation of section 219, but Plaintiffs seek civil penalties on behalf of himself and all others similarly situated under Labor Code section 2699, subd. (f).

88.    Labor Code section 226, subdivision (a), requires a California employer to include very specific information on an employee's paycheck stub. The required information includes the total number of overtime hours worked and the correct rates of pay. Lab. Code § 226(a). Subdivision (e) sets forth statutory penalties for the violation of section 226(a). Plaintiffs seek to recover said penalties on behalf of himself and all others similarly situated.

89.    Labor Code section 226.3 sets forth civil penalties for violation of section 226, subdivision (a). Plaintiffs seek said penalties against Defendants on behalf of himself and all other similarly situated employees for violation of section 226, subdivision (a).

90.    Labor Code section 226.7 provides that an employer must compensate a non-exempt employee with one hour of pay for each required meal or rest period that it does not provide. Defendants violated this statute by not paying this premium pay to Plaintiffs and their co-workers when they were not provided with duty-free rest periods, or 30-minute, off-duty meal periods.

/ / /

91.     Labor Code section 510 provides that an employer shall pay overtime premium wages to non-exempt employees who work over eight hours in a workday or over 40 hours in a workweek. Defendants violated Labor Code § 510 by not paying overtime premium wages to non-exempt employees who worked over eight hours in a day and Labor Code section 510.

92.     Labor Code section 512 provides that an employer shall provide its non-exempt employees with one off-duty meal period for each five-hour work period.  Defendants violated Labor Code section 512 by not providing off-duty meal periods to its non-exempt employees for every five-hour work period.

93.     Labor Code section 558 provides for civil penalties against an employer who violates sections 510 and 512.  Plaintiffs seek said penalties against Defendants on behalf of himself and all other similarly situated employees for violation of sections 510 and 512.

94.     Labor Code section 1197 requires that employers may not pay less than the mandated minimum wage.  Defendants violated section 1197 by not paying Plaintiffs and their similarly situated coworkers at least the minimum wage for all hours worked.  The civil penalty for violations of section 1197 is enumerated in Labor Code section 1197.1.  Plaintiffs seek said penalties against Defendants on behalf of himself and all other similarly situated employees for violations of section 1197.

95.     Plaintiffs also seek any civil penalties allowable under the Labor Code that arise out of the same set of operative facts as the claims made in this complaint.

96.     Plaintiffs have fully complied with the statutory requirements of Labor Code section 2699.3.  Plaintiffs gave notice, by a letter dated June 18, 2015 and delivered by certified mail to the California Labor and Workforce Development Agency and the employer, of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  As of the date of this pleading, the Labor and Workforce Development Agency has not indicated its intent to pursue an investigation or action for penalties against Defendants.

97.     Defendants' failure to pay wages due and owing to Plaintiffs and those similarly situated, as indicated in prior paragraphs, was willful.  Defendants have knowingly refused to pay any portion of the amount due and owing Plaintiffs and their similarly situated employees.  Further, Defendants have not taken any actions to "cure" the Labor Code violations pursuant to California

**THIRD AMENDED COMPLAINT**

1   Labor Code section 2699 et seq.

2       98.    By failing to pay Plaintiffs and the current and past aggrieved employees, Defendants

3   have violated numerous California Labor Code provisions, all as set forth hereinabove.  Civil penalties

4   are therefore appropriate.

5       WHEREFORE, Plaintiffs demands judgment against Defendants, and each of them, as follows:

6       1.    For civil penalties for each aggrieved employee, for each violation alleged aforesaid, to

7             be distributed in accordance with Labor Code section 2699;

8       2.    For attorneys' fees and costs pursuant to Labor Code section 2699(g);

9       3.    For any other and further relief that the Court considers just and proper.

26   / / /

27   / / /

28   / / /

**THIRD AMENDED COMPLAINT**

## <u>NOTICE OF OPT-IN AND CONSENT BY NAMED PLAINTIFFS</u>

By filing this action, including the original Complaint and all subsequently amended versions, and as reaffirmed by this averment, I hereby affirm my consent to continuing to be the Opt-In Party Plaintiff and to represent and be a part of the FLSA collective action in this matter under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. [or California law if applicable] against the named Defendant herein.

During the three years preceding the filing of this action, there were occasions when I worked overtime hours offshore for Defendant, and was provided with valuable lodging and meals; however, this remuneration was not incorporated into my rate of pay for purposes of overtime.

I understand that I may withdraw my consent to proceed as outlined herein with my claims, at any time by notifying the attorneys handling the matter, in writing.

| | |
|---|---|
| I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. | I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. |
| Executed this <u>14th</u> day of January, 2020, at Visalia, California. | Executed this <u>21st</u> day of January, 2020, at Bakersfield, California. |
| _____[s/]_____<br>Louis Newell | _____[s/]_____<br>Miguel Calderon |

**THIRD AMENDED COMPLAINT**

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiffs hereby demand a trial by jury in this matter.

3

4

5    DATED:  January 27, 2020                    **PALAY HEFELFINGER, APC**

6                                        By:_____

7                                           Brian D. Hefelfinger
                                            Attorneys for Plaintiffs and
8                                           the Putative Class

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD AMENDED COMPLAINT**